da McIntire, Individually and in then official capacity as members of the Edgewood City School Board of Education, Defendants–Appellees.

No. 00–3813.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Constance G. UEBEL, Plaintiff–
Appellant,

v.

BOARD OF EDUCATION OF the EDGEWOOD CITY SCHOOL DISTRICT; John Thomas; John Snyder; Oscar Fruth; Sharon Anderson; Lin-

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.[*]

## ORDER

Constance G. Uebel, proceeding through counsel, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 1983. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Uebel filed suit against the Board of Education for the Edgewood City, Ohio, School District and five members of the Board (Thomas, Snyder, Fruth, Anderson, and McIntire). The school board members were sued in their individual and official capacities. Uebel, who had formerly been employed by the Board as its treasurer, asserted that: 1) the Board breached her employment contract by firing her without just cause; 2) the Board violated Ohio Rev.Code § 3313.22 by terminating her without just cause; 3) the Board deprived her of her contractually established property right in her employment without due process of law; 4) the Board deprived her of her statutory property right in her employment without due process of law; 5) the Board violated Ohio Rev.Code § 121.22 by actions taken during a November 15, 1999, meeting in which Uebel was dismissed; and 6) the Board discriminated against her because of her age and sex in violation of Ohio Rev.Code § 4112.02(A). The defendants moved to dismiss the action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). After consideration of the defendants' motion and responsive pleadings, the district court dismissed the federal claims pursuant to Fed.R.Civ.P. 12(b)(6), reasoning that state law, not federal, provided a remedy for Uebel. The district court dismissed the state law claims for lack of subject matter jurisdiction.

In her timely appeal, Uebel argues that the district court erred by dismissing her federal claims and by sua sponte dismissing the complaint under Rule 12(b)(6).

Whether a district court properly dismissed a suit pursuant to Rule 12(b)(6) for failure to state a claim is a question of law subject to de novo review. *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995).

Upon review, we conclude that the district court's judgment should be vacated and the action remanded so that the district court may consider in the first instance whether the instant case falls within the scope of *Leary v. Daeschner,* 228 F.3d 729 (6th Cir.2000). In *Leary,* which was issued several months after the district court's decision in this case, this court determined that a school teacher possessed a right to tenure in a particular position within a school district pursuant to a collective bargaining agreement. 228 F.3d at 743. The court reasoned that the loss of the position through an involuntary transfer would carry significant costs which were not easily quantifiable, such as the loss of professional esteem. *Id.* Thus, the loss was similar to complete termination from a tenured position and the plaintiff had a remedy under federal law. *See id.* (citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 543, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)).

As we are vacating the district court's judgment, we do not reach Uebel's argu-

---

[*] The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

ment that the district court erred by "sua sponte" dismissing the complaint under Rule 12(b)(6).

Accordingly, the district court's judgment is vacated and the action remanded for further proceedings consistent with this order.